RUE LAW GROUP[1]
John Rue, Esq. ID #047032005
Krista Rue, Esq. ID #041482002
100 Overlook Center, 2nd Floor, #9211
Princeton, New Jersey 08540
(862) 283-3155
john@johnruelaw.com
 krue@johnruelaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| A.B. and B.B., individually and as parents and next friends of E.B.-1, a minor, and E.B.-2, a minor,<br><br>*Plaintiffs*,<br><br>v.<br><br>FORT LEE BOARD OF EDUCATION,<br><br>*Defendant*. | **Civil Action No. _____**<br>**COMPLAINT AND JURY DEMAND** |

　　　　Plaintiffs A.B. and B.B., individually and as parents and next friends of their minor children E.B.-1 and E.B.-2 (collectively, "Plaintiffs"), by and through undersigned counsel, bring this Complaint and Jury Demand against Defendant Fort Lee Board of Education ("Defendant" or "District"), and allege as follows:

---

[1] Rue Law Group is a DBA owned by John Rue & Associates, LLC.

## INTRODUCTION

1.      This is a civil rights and disability discrimination action arising from Defendant's repeated failures to provide two minor students with disabilities a safe, non-discriminatory, and lawful educational environment, as required under federal law.

2.      Defendant denied E.B.-1 and E.B.-2 meaningful access to education by failing to implement disability-related accommodations and supports necessary to avoid discrimination, and retaliating against their parents for engaging in protected advocacy.

3.      As a direct and proximate result of Defendant's acts and omissions, E.B.-1 and E.B.-2 suffered educational harm, emotional distress, regression, and loss of educational opportunity.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and 42 U.S.C. § 1983.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and the events giving rise to the claims

occurred within the District of New Jersey.

## PARTIES

6. Plaintiffs A.B. and B.B. are residents of Fort Lee, New Jersey, and are the parents, legal guardians, and educational decision-makers for their minor children E.B.-1 and E.B.-2.

7. Plaintiff E.B.-1 is a minor child with disabilities who, at all relevant times, was enrolled as a student in schools operated by Defendant and was entitled to protections and accommodations under federal disability laws.

8. Plaintiff E.B.-2 is a minor child with disabilities who, at all relevant times, was enrolled as a student in schools operated by Defendant and was entitled to protections and accommodations under federal disability laws.

9. Defendant Fort Lee Board of Education is a public school district organized under the laws of the State of New Jersey and is a recipient of federal financial assistance.

## FACTUAL ALLEGATIONS

**A. General Background**

10. At all relevant times, Defendant was obligated to provide E.B.-1 and E.B.-2 with a safe, non-discriminatory educational environment and to comply with federal disability laws governing evaluation, accommodation, and access to education.

11.    Defendant had actual knowledge of the disabilities of both minor Plaintiffs, and of the disability-related accommodations necessary to avoid discriminatory harm.

12.    Despite this knowledge, Defendant failed to comply with its legal obligations.

**B.    Facts Specific to E.B.-1**

13.    E.B.-1 required reasonable disability-related accommodations and supports in order to access a non-discriminatory educational environment safely and meaningfully.

14.    Defendant failed to implement reasonable disability-related accommodations and supports in order for E.B.-1 to access a non-discriminatory educational environment.

15.    As a result of Defendant's failures, E.B.-1 experienced behavioral escalations and educational disruption related to unmet disability-related needs.

16.    Rather than addressing those disability-related needs, Defendant subjected E.B.-1 to disciplinary measures, including suspension, for conduct that was a manifestation of disability.

17.    Plaintiffs obtained independent evaluations at private expense for E.B.-1 after the District failed to respond to known disability-related needs, and provided those evaluations to the District.

18. Defendant's actions denied E.B.-1 equal access to education and caused educational and emotional harm.

**C. Facts Specific to E.B.-2**

19. E.B.-2 required reasonable disability-related accommodations and supports in order to access a non-discriminatory educational environment safely and meaningfully.

20. Defendant failed to implement reasonable disability-related accommodations and supports in order for E.B.-2 to access a non-discriminatory educational environment.

21. During the relevant period, E.B.-2 exhibited signs of significant emotional distress, including self-harm behaviors while at school.

22. Defendant failed to take appropriate and timely action to address these safety concerns.

23. Defendant's inaction placed E.B.-2 at risk and resulted in educational harm and emotional distress.

24. Plaintiffs obtained independent evaluations at private expense for E.B.-2 after the District failed to respond to known disability-related needs, and provided those evaluations to the District.

**D.    Systemic Failures and Notice**

25.    Defendant issued deficient written notices and failed to provide legally required explanations, supporting data, and rationales for actions proposed or refused.

26.    Defendant convened meetings and made educational decisions without required participants and without conducting appropriate or updated evaluations.

27.    Defendant failed to adequately train and supervise staff responsible for serving students with disabilities.

28.    Defendant's acts and omissions were not isolated incidents but reflected ongoing practices, customs, and policies, including inadequate training, supervision, and oversight, demonstrating deliberate indifference to the rights of students with disabilities.

29.    Defendant maintained policies, practices, and customs that prioritized administrative convenience and disciplinary responses over lawful accommodation and student safety, and those policies and practices were the moving force behind the violations alleged herein.

30.    Plaintiffs filed a complaint with the United States Department of Education, Office for Civil Rights, alleging disability discrimination by Defendant.

The Office for Civil Rights acknowledged the complaint and initiated an investigation into Defendant's practices.

31.    Separately, the New Jersey Department of Education identified multiple compliance deficiencies and required Defendant to implement corrective action, including policy changes relating to the delivery of disability-related supports by appropriately qualified staff.

**E.    Retaliation**

32.    Plaintiffs A.B. and B.B. engaged in protected activity by advocating for their children, requesting disability-related accommodations and raising concerns about discriminatory treatment and noncompliance with federal law to Defendant and state authorities.

33.    After engaging in this protected activity, Defendant subjected Plaintiffs to adverse actions, including escalated discipline, coercive practices, and exclusionary conduct.

34.    The close temporal proximity between Plaintiffs' protected advocacy and Defendant's adverse actions supports an inference of retaliatory intent.

35.    During the relevant period, E.B.-1 met the academic criteria for placement in advanced courses and programs. Notwithstanding his academic eligibility, Defendant denied E.B.-1 access to advanced courses and programs based on his disability. Defendant communicated that students receiving in-class

instructional support could not participate in advanced courses and programs.

Defendant's actions excluded E.B.-1 from advanced academic opportunities by

reason of disability.

36.    Defendant had actual notice of Plaintiffs' concerns, the students'

disabilities, and the associated risks of harm through repeated communications,

meetings, and complaints, yet failed to take timely or appropriate corrective action.

37.    The sequence and timing of events further support a strong inference

of retaliatory intent.

   a. After Plaintiffs A.B. and B.B. engaged in protected activity by
      advocating for disability-related accommodations, raising concerns
      about discriminatory treatment, and filing complaints with state and
      federal authorities, Defendant's treatment of the family escalated
      rapidly.

   b. In close temporal proximity to that advocacy, Defendant subjected the
      minor Plaintiffs to adverse actions, including heightened disciplinary
      measures, exclusion from advanced academic opportunities, coercive
      communications regarding services and placement, and increased
      resistance to parental participation in decision-making.

   c. These actions departed from Defendant's prior course of conduct and
      followed directly on the heels of Plaintiff's protected activity,
      supporting a plausible inference that Defendant's actions were taken
      in retaliation for Plaintiffs' exercise of rights protected under federal
      disability anti-discrimination laws.

### **EXHAUSTION NOT REQUIRED**

38.    Plaintiffs seek compensatory damages and other relief that are

unavailable under the Individuals with Disabilities Education Act ("IDEA").

39.    Accordingly, exhaustion of administrative remedies is not required.

Perez v. Sturgis Public Schools, 598 U.S. ___ (2023).

## CAUSES OF ACTION

### COUNT I – Violation of Section 504 of the Rehabilitation Act
*29 U.S.C. § 794*

40.    Plaintiffs reallege and incorporate by reference the preceding

paragraphs.

41.    Defendant discriminated against Plaintiffs on the basis of disability by

denying them meaningful access to educational programs and services.

42.    Defendant acted with deliberate indifference to Plaintiffs' federally

protected rights.

### COUNT II – Violation of Title II of the Americans with Disabilities Act
*(42 U.S.C. § 12132)*

43.    Plaintiffs reallege and incorporate by reference the preceding

paragraphs.

44.    Defendant excluded Plaintiffs from participation in, and denied them

the benefits of, its services, programs, and activities by reason of disability.

### COUNT III – Retaliation
*(ADA and Section 504)*

45.    Plaintiffs reallege and incorporate by reference the preceding

paragraphs.

46.     Defendant retaliated against Plaintiffs for engaging in protected activity under federal disability laws.

### COUNT IV – Violation of Civil Rights
#### (42 U.S.C. § 1983)

47.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

48.     Defendant, acting under color of state law, maintained policies, practices, and customs that caused the deprivation of Plaintiffs' rights secured by the Constitution and federal law.

49.     Defendant deprived Plaintiffs of their rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution.

50.     Defendant violated Plaintiffs' rights under the Equal Protection Clause by treating Plaintiffs differently from similarly situated students on the basis of disability.

51.     Defendant violated Plaintiffs' rights to substantive and procedural due process by knowingly failing to implement reasonable disability-related accommodations, disregarding known risks of harm, and depriving Plaintiffs of constitutional and statutory protections against discrimination and arbitrary governmental action.

52.     Defendant knew or should have known that its conduct violated Plaintiffs' clearly established constitutional and statutory rights.

53.     Defendant acted intentionally and/or with deliberate indifference to those rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in their favor and:

A. Declare that Defendant violated Plaintiffs' rights under federal law;

B. Award compensatory damages for loss of educational access, emotional distress, and other injuries caused by Defendant's unlawful conduct;

C. Award appropriate declaratory and injunctive relief necessary to remedy discrimination and prevent future violations, including the provision of training, supervision, and policy reforms necessary to ensure compliance with federal disability anti-discrimination laws;

D. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to applicable law; and

E. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

RUE LAW GROUP
(aka John Rue & Associates, LLC)
ATTORNEYS FOR PLAINTIFFS

DATE:     **Feb. 1, 2026**          By:  _John Rue_
                                          John Rue