RUE LAW GROUP
John Rue, Esq. (ID #047032005)
5 Lake Drive
Woodland Lakes
Randolph, New Jersey 07869
(862) 283-3155
john@johnruelaw.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.B. and B.B., individually and as parents and next friends of E.B.-1, a minor, and E.B.-2, a minor, | Civil Action No. 2:26-cv-01031-BRM-MAH |
| *Plaintiffs,* | |
| v. | **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE** |
| FORT LEE BOARD OF EDUCATION, | |
| *Defendant.* | |

## PRELIMINARY STATEMENT

Plaintiffs move under Federal Rule of Civil Procedure 41(a)(2) for an order dismissing this action, and all claims of all Plaintiffs, without prejudice. The motion comes at the earliest practicable stage: written discovery demands have been exchanged, but no documents have been produced, no interrogatories have been answered, and no depositions have been taken or scheduled by agreement. Defendant has consented to hold all pending discovery response deadlines while this motion is decided.

## BACKGROUND

Plaintiffs filed the Complaint on February 2, 2026. Defendant answered on March 31, 2026. The Court entered a scheduling order on June 23, 2026, and the parties served written

discovery demands in late July 2026. No responses are yet due, nothing has been produced by either side, and the deposition phase has not begun.

Plaintiffs A.B. and B.B. are the parents of the minor Plaintiffs, E.B.-1 and E.B.-2, and bring the minors' claims as their next friends. In late July 2026, Defendant requested deposition dates for all four Plaintiffs, including both minor children, ages seventeen and fourteen. The parents have concluded that they are unwilling to subject their children to depositions and further discovery in this matter, and on that basis have instructed the filing of this motion. Their reasons are set forth in their own contemporaneous account: a chronology maintained by Plaintiff A.B. and submitted by him to Defendant's Board and to the New Jersey Department of Education prior to this motion, which Defendant thereafter appended in full to E.B.-2's individualized education program. The chronology is annexed, in redacted form, as Exhibit A to the accompanying Certification of Plaintiff A.B. ("A.B. Cert."). The characterizations in Exhibit A are the parents', recorded at or near the time of the events described, and the Court need not adjudicate any of them to grant this motion.

ARGUMENT

## I.      THE STANDARD UNDER RULE 41(a)(2)

After an answer is filed, an action may be dismissed at the plaintiff's request only by court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision rests in the sound discretion of the district court, *Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974), and the Third Circuit has adopted a "liberal policy" in the voluntary dismissal context: Rule 41 motions "should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (reversing, as an abuse of discretion, the denial of plaintiffs' motion to eliminate claims

without prejudice) (quoting 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41-62 (1988)). In assessing prejudice, courts in this Circuit consider the excess expense of a second litigation, the effort and expense incurred in preparing for trial, the stage of the litigation, and the movant's diligence. Neither the prospect of a second lawsuit nor the ordinary expense of having defended is prejudice within the meaning of the rule.

### II.    DEFENDANT WILL SUFFER NO LEGAL PREJUDICE

Every factor favors dismissal. This case is at the threshold of discovery: demands have been exchanged, but nothing has been produced, answered, or scheduled. There is no trial preparation to waste, no completed discovery to duplicate, and no dispositive motion pending. Defendant's consent to hold all response deadlines pending this motion confirms that no urgency or prejudice attends the case's present posture. And should any Plaintiff ever refile, Rule 41(d) authorizes the Court to order payment of the costs of this action and to stay the new case until they are paid. That protection, available as of right, is a complete answer to any claim of duplicative expense.

### III.    PLAINTIFFS' REASONS SUPPORT DISMISSAL

The parents seek dismissal because they are unwilling to subject their children, ages fourteen and seventeen, to depositions and continued discovery. A.B. Cert. ¶ 6; Ex. A. That is a protective judgment by the parents of minor litigants, and it is a proper reason to seek leave to withdraw claims without prejudice. Plaintiffs do not ask the Court to resolve any dispute about the events Exhibit A describes; the exhibit is submitted so that the Court has Plaintiffs' reasons before it in their own contemporaneous words.

**IV.    DISMISSAL WITHOUT PREJUDICE PROTECTS THE MINOR PLAINTIFFS**

Because dismissal is sought without prejudice, the minor Plaintiffs' claims are preserved, not compromised. No claim of any minor is being released, settled, or exchanged for consideration. New Jersey tolls the limitations period for a person under eighteen at accrual, N.J.S.A. 2A:14-21, and state tolling rules govern claims under 42 U.S.C. § 1983. *Hardin v. Straub*, 490 U.S. 536 (1989). E.B.-1 and E.B.-2 will each be free, upon reaching majority, to decide for themselves whether to assert their claims. Dismissal without prejudice therefore requires no further protective proceedings; it leaves each minor's rights exactly where the law places them.

**V.    NO CONDITIONS ARE WARRANTED**

Given the stage of this litigation, no conditions beyond the terms of Rule 41(d) are warranted. Should the Court be inclined to grant dismissal only with prejudice, or upon conditions materially adverse to the minor Plaintiffs, Plaintiffs respectfully request the opportunity to withdraw this motion.

**CONCLUSION**

Plaintiffs respectfully request that the Court dismiss this action, and all claims of all Plaintiffs, without prejudice.

Respectfully submitted,

RUE LAW GROUP
*Attorneys for Plaintiffs*

By: s/ John Rue
John Rue, Esq.

Dated: August 5, 2026